UNITED STATES FIDELITY & GUAR-
ANTY CO., Plaintiff,

v.

AETNA CASUALTY & SURETY CO.,
Defendant.

Civ. A. No. 1043.

United States District Court
W. D. Arkansas,
Texarkana Division.

Sept. 4, 1968.

Shaver, Tackett & Jones, by Boyd Tackett, Texarkana, Ark., for plaintiff.

Smith, Williams, Friday & Bowen, by William H. Sutton, Little Rock, Ark., for defendant.

## OPINION

WILLIAMS, District Judge.

This action had its origin in the filing of a petition for declaratory judgment by the plaintiff, United States Fidelity & Guaranty Company, against the defendant, Aetna Casualty & Surety Company, in the Circuit Court of Little River County, Arkansas. It was removed to this court pursuant to the provisions of Title 28 U.S.C. § 1441.

U. S. F. & G. seeks contribution from Aetna alleging that both insurance companies had liability coverage on an auto collision—that U. S. F. & G. has paid or made arrangements for the full damages and that Aetna should contribute its proportionate part.

The undisputed facts are as follows:

Mr. Fisher of Little Rock, Arkansas operates several allied businesses in corporate form, among which is the Capitol

Auto Rental and Leasing Company, hereafter referred to as "CARL." He, using the corporate names of his businesses, contracted with Aetna to cover liability on all autos owned by "CARL." The policy is the "Aetna Comprehensive Liability Policy" and covered the period from 1–1–1966 to 1–1–1967. A number of endorsements are included in and made a part of the policy but its terms as a contract are not in dispute.

After the Aetna policy was issued, Mr. Fisher talked with his personal friend, Claude Carpenter, who was a candidate for the Democratic nomination for Lieutenant Governor of Arkansas. Mr. Fisher wanted to assist Mr. Carpenter in his campaign and he and Mr. Carpenter entered into an agreement that if Mr. Fisher, operating as "CARL" would buy an auto and lend it to Mr. Carpenter for use in his political venture, Mr. Carpenter would procure his own liability and other insurance on the newly purchased auto and save Mr. Fisher, or "CARL" and its insurer Aetna, from any liability arising from use of the auto in the campaign.

Pursuant to the agreement Mr. Fisher bought the auto in question and took title in the name of "CARL" and delivered it to Carpenter.

Pursuant to the agreement, Mr. Carpenter applied to and received liability insurance on the auto loaned to him. U. S. F. & G. wrote the liability insurance for Carpenter. Its limits are $25,000 and $100,000.

Mr. Carpenter's agent, Pat Bailey, drove the auto for Carpenter and had a collision which resulted in a judgment for a sizable sum. U. S. F. & G. as insurer agreed to pay the judgment but learned of the existence of the Aetna policy before making payment.

When U. S. F. & G. learned of the existence of the Aetna policy it demanded that Aetna share in the defense and pay its proportionate part of the judgment.

Aetna defends on the theory that the contract between "CARL" and Carpenter which became an executed contract when Carpenter accepted the use of the auto and procured the U. S. F. & G. insurance relieved it of any obligation as an insurer of this particular car.

Carpenter and U. S. F. & G. were not privy to the Aetna contract.

Aetna and U. S. F. & G. were not privy to the contract between "CARL" and Carpenter.

Aetna and "CARL" were not privy to the U. S. F. & G. contract.

While Aetna offers as an argument that the auto here in question was never insured, a reading of the language of the policy discloses that the auto involved in this suit (and any auto owned by "CARL") was covered by the policy and for the purposes of this action it is immaterial whether it is covered by the garage endorsement or by the primary insuring clause. Suffice it to say that as a result of the contract, the auto in question was covered by Aetna's policy when being operated by any one with the permission of "CARL" as this auto was at the time of the tragic collision. Aetna's limits of coverage are $100,000 and $300,000.

It is to be noted that the car was being operated by Pat Bailey, the agent of Claude Carpenter, acting within his agency at the time of the collision. The existence of this agency is a fact which must be kept in mind at all times in this case because it is of prime importance.

Had Pat Bailey not been an agent of Carpenter at time of the collision the Aetna policy would not have included Bailey under the omnibus definition of "insured."

The Aetna policy covers the collision in question because the auto was being used at the time of the collision by Pat Bailey as agent of Claude Carpenter, who had the permission of "CARL" to use it. This permission to use the particular auto was not extended to all persons in the world who might use the auto. In this case permission was given

by "CARL" to Claude Carpenter and "CARL's" permission covered the particular auto only when it was used by Carpenter. Should the car be stolen and operated by the thief, or by any other operator without the permission of "CARL" then Aetna's policy would afford no liability coverage. The language of the Aetna policy is plain and unambiguous to that effect. And "CARL's" permission extends only to Carpenter. For insurance purposes, Aetna's coverage of Bailey as agent and its coverage of Carpenter are one and the same because Carpenter is the only one who had the permission of "CARL" to use the auto and Bailey is an insured only because and when he is Carpenter's agent.

There is no question in this case of Bailey's personal liability outside his agency. Aetna's policy affords Bailey no coverage except as the agent of Carpenter; and the court finds specifically that, for insurance purposes in this case, the entire liability is the liability of Carpenter, who, with the permission of "CARL" was operating the auto through his agent, Pat Bailey. Otherwise stated, the Aetna policy covers Bailey only as the agent of Carpenter and in no other capacity.

Except for the effect of the oral contract between "CARL" and Carpenter, there is no question then but that both Aetna and U. S. F. & G. are liability insurers of the involved auto because Carpenter by his agent was operating the car at the time of collision. Had Bailey not been Carpenter's agent and acting within his agency, neither of the insurance companies would have had coverage, for while Bailey actually comes within the omnibus language as "insured," it is not Bailey in any capacity except as agent of Carpenter. It is the agent of Carpenter in the person of Bailey that is an "insured."

Certainly it cannot be contended that when "CARL" made the contract with Aetna, "CARL" was precluded from contracting with anyone else.

However, this matter must be resolved because it is elementary that the insurance contract between "CARL" and Aetna could only be altered as to terms in the manner provided in the insurance policy where it is unambiguously provided that the terms of the insurance policy can only be changed by written endorsement. There was no written endorsement, therefore, the terms of the Aetna insuring contract are unchanged.

But that does not mean that "CARL" is, by making the contract with Aetna, forever barred from subsequent contracts with other parties; and that is true even though the result of subsequent contracts will have an effect on the practical adjustments and payments that are the subject matter of the original Aetna policy.

It was the right of "CARL" to contract with Carpenter as it did. "CARL" had a right to require Carpenter to insure that the Aetna contract would not be affected by Carpenter's use of a borrowed car, either his use in person or by agent, and the Court finds that the actions taken under the contract were sufficient to take it out of the Statute of Frauds.

The contract with Carpenter was made at a time subsequent to the contract with Aetna. It is a valid contract and is enforceable.

It was intended to insure both "CARL" and "CARL's" insurance with Aetna from any liability arising from the use of the particular auto involved in this case.

The Court finds that "CARL" had just as much right to enter into a subsequent insuring agreement with Carpenter as it did to contract with Aetna in the first instance.

No one would contend that reinsurance is illegal in purpose, aim or result. Had Aetna made the contract with Car-

penter directly no one would question but that Carpenter had insured Aetna against its contractual liability arising from the contract between "CARL" and Aetna.

This brings us to a discussion of the manner in which Aetna became a liability insurer on the auto used by Carpenter.

Carpenter was not a contracting party or privy to the Aetna contract and since he was not a contracting party and paid no premium he was merely a third party beneficiary of the contract between "CARL" and Aetna.

As such third party beneficiary he was described in general terms in the omnibus definition of "insured" in the Aetna policy just as is Bailey in his capacity as agent of Carpenter.

But the fact remains that the Aetna contract was a contract between Aetna and "CARL". Carpenter was not a contracting party. Had Aetna and "CARL" effected a cancellation of the Aetna policy or had they affixed additional amendments to it or modified it, there was no reason to notify Carpenter. Under any analysis, Carpenter is merely a third party beneficiary of the contract between "CARL" and Aetna and Bailey is a third party beneficiary only by virtue of and to the extent of being the agent of Carpenter.

Having reached the conclusion that Carpenter, either when using the car in person or by his agent Bailey, is merely a third party beneficiary of the Aetna policy, let us examine the contract between "CARL" and Carpenter. Its terms are not in dispute in any material respect.

"CARL" bought and furnished the auto to Carpenter on condition that he furnish his own liability insurance and that "CARL's" insurance with Aetna be not affected. Aetna was not a party to the contract, but is a third party beneficiary in that Carpenter agreed to insure the loaned car in such way and manner that Aetna was benefited by Carpenter's agreement to save Aetna from any liability that arose from the use of the named auto.

This being so, whatever amount of contribution U. S. F. & G. might possibly recover from Aetna, if any, Aetna can recover from Carpenter as a third party beneficiary of the contract between "CARL" and Carpenter and Carpenter can in turn recover from U. S. F. & G.—and this theory of recovery is at issue even though Carpenter is not a formal party to this action.

There is no necessity for such a circuity of action in order to recognize the rights of the two insurance companies who are formal parties to this action.

If Aetna can be made an insurer as to Carpenter by reason of Carpenter being a third party beneficiary of the contract between Aetna and "CARL," surely Aetna can be relieved of its liability when it is the third party beneficiary in the subsequent contract between "CARL" and Carpenter—or stated alternatively, Aetna, as the third party beneficiary of the insurance contract entered into between "CARL" and Carpenter, has the right to recover from Carpenter whatever sum may be adjudged against it as an insurer because that is what Carpenter agreed to insure; and U. S. F. & G. has insured Carpenter and is subrogated only to the rights of Carpenter.

The use of the terminology "Aetna is relieved" may be misleading and misunderstood because the finding of the Court is that should U. S. F. & G. recover contribution against Aetna in this case, Aetna should recover the same sum from Carpenter, who should recover from U. S. F. & G.—the circuity of action which the Court has announced is unnecessary in this action to determine the rights of Aetna and U. S. F. & G. Rather than explain the circuity, it is simpler to use the terminology above indicated.

Whatever right U. S. F. & G. has in this case by way of subrogation came through Carpenter or Carpenter's agent and U. S. F. & G. stands in the position of Carpenter and can stand in no better position than Carpenter himself.

The Court specifically finds that Pat Bailey, the driver of the car, was the agent of Carpenter and even if Aetna should be found liable upon the theory that Bailey is an "insured" under the omnibus definition of the Aetna policy, it must be kept in mind that Bailey cannot lose his identity as the agent of Carpenter because he could not be an "insured" except as the agent of Carpenter.

Hence we find that should U. S. F. & G. recover from Aetna for the liability of Carpenter's agent, Bailey, it is in truth the liability of Carpenter and we are back to the agreement between "CARL" and Carpenter by the terms of which Carpenter has insured "CARL" and Aetna from any liability incurred because of the use of this particular auto. Aetna would recover the same amount from Carpenter that U. S. F. & G. recovered from Aetna and Carpenter would again recover from U. S. F. & G. because Bailey has never lost his identity as the agent of Carpenter and it is in that capacity alone that he is an insured.

U. S. F. & G. is subrogated to the rights of Carpenter or to the rights of Bailey as the agent of Carpenter and stands in the same position as Carpenter.

Whether the case is viewed as an estoppel of Carpenter—or on the circuity of action explanation—we reach the same conclusion.

To hold otherwise would be to hold Aetna liable to a third party beneficiary and in the same case deny Aetna protection as a third party beneficiary.

The alleged right of U. S. F. & G. to receive contribution from Aetna is denied.

A judgment in accordance with the above is being entered today.